UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02297-JLS-ADS                   Date: March 28, 2019
Title: Thomas Lynch v. Liberty Debt Solution, LLC et al.

Present:  **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|    Terry Guerrero    |    N/A    |
|:---:|:---:|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                            Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND (Doc. 17)**

Before the Court is Plaintiff Thomas Lynch's Motion to Remand.  (Mot., Doc. 17.)
Defendants Liberty Debt Solution, LLC ("Liberty") and Brian Roche opposed.  (Opp.,
Doc. 24.)  Plaintiff replied.  (Reply, Doc. 29.)  The Court finds this matter appropriate for
decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the
hearing set for March 29, 2019, at 10:30 a.m., is removed from the calendar.  For the
following reasons, the Motion is GRANTED.

## I.    BACKGROUND

On September 5, 2018, Plaintiff filed this wage action in California Superior Court
against Defendants.  (Complaint, Doc. 3-1.)  On December 27, 2019, Defendants jointly
removed the case to this Court on the basis of diversity jurisdiction.  (Notice of Removal,
Doc. 1 at 4.)  On January 28, 2019, Plaintiff filed the instant Motion to Remand.  (Mot.)
The Motion insists that Defendants' removal is untimely and there is not complete
diversity of citizenship among the parties.  (*Id.* at 2.)

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-02297-JLS-ADS                    Date: March 28, 2019

Title: Thomas Lynch v. Liberty Debt Solution, LLC et al.

## II.    LEGAL STANDARD

Defendants may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). Section 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "A [] defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). "To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Langston v. 20/20 Companies, Inc.*, No. EDCV 14-1360 JGB (SPx), 2014 WL 5335734, at *2 (C.D. Cal. Oct. 17, 2014) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

Case No. 8:18-cv-02297-JLS-ADS                                    Date: March 28, 2019
Title: Thomas Lynch v. Liberty Debt Solution, LLC et al.

## III.    DISCUSSION

### A.    Timeliness

Plaintiff first argues that Defendants removed more than thirty days after proper service of process and therefore removal is untimely. (Mot. at 4.) Plaintiff asserts that it effectuated service of process pursuant to Cal. Civ. Code § 415.20(a) on Liberty on October 22, 2018 by handing a copy of the Summons and Complaint to the adult apparently in charge at the address of Liberty's registered agent for service of process. (Mot. at 4-6.) Defendants argue that Plaintiff's service of process on Liberty was defective and that Roche was never served at all. (Opp. at 6-9.) Roche attests that he first became aware of the lawsuit through a court filing on December 11, 2018. (Roche Decl., Doc. 24-4 ¶ 11.) Plaintiff does not argue or submit evidence to demonstrate that he properly served Roche. Indeed, Plaintiff does not argue that he attempted to serve Roche at all. Plaintiff argues only that Roche had *constructive* notice of this action as early as September 23, 2018. (Mot. at 6-7.) But only *formal* service of process triggers the thirty-day clock on removal. *Murphy Bros.*, 526 U.S. at 347-48. Therefore, Roche's removal of this action is timely and the Court need not address the parties' dispute regarding the effectiveness of service on Liberty. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (holding that each defendant is entitled to his own removal window regardless of prior service on other defendants).

### B.    Diversity

Plaintiff argues that there is not complete diversity among the parties because both Plaintiff and Roche are citizens of California. (Mot. 7-9.) Defendants contend that Roche is a citizen of Nevada. (Opp. at 3-4.)

"[A] natural person's state citizenship is [] determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-02297-JLS-ADS                    Date: March 28, 2019
Title: Thomas Lynch v. Liberty Debt Solution, LLC et al.

*Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir.1986)). Residing in a given state is not conclusive of domicile there, and thus not of citizenship of that state, because domicile requires both physical residence in a state *and* intent to remain there permanently or indefinitely. *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)); *Lew*, 797 F.2d at 749-50 (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). "[T]he party asserting diversity jurisdiction bears the burden of proof." *Kanter*, 265 F.3d at 857-858.

As noted in *Lew*, "courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." 797 F.3d at 750. "The courts have also stated that domicile is evaluated in terms of 'objective facts,' and that 'statements of intent are entitled to little weight when in conflict with facts.'" *Id.* (citation omitted).

As evidence of Roche's domiciliary intent in California, Plaintiff attests that he has visited Roche's home in California on multiple occasions, where Roche apparently lives with his wife and child. (Lynch Decl., Doc. 19 ¶ 2.) Indeed, Lynch identifies an exact address in Laguna Hills where Roche and his family live. *See id.* In response to this specific information, Roche offers a declaration attesting that (1) he has resided in Nevada since 2002 and intends to remain there permanently, and (2) that he has had a Nevada driver's license for approximately ten years. (Roche Decl. ¶ 2.) Defendants also submit redacted copies of Roche's current and former Nevada driver's licenses. (Licenses, Doc. 24-5.)

To rebut Roche's claim of a Nevada residence, Plaintiff offers emails authored by Roche in which Roche states on several occasions that he lives with his family in Laguna Hills at the address identified in Plaintiff's declaration. From the context of the email, it appears that Roche does so in order to close a transaction in which it would be to his advantage to portray himself as a local Orange County family man. (October 2017

Case No. 8:18-cv-02297-JLS-ADS                    Date: March 28, 2019
Title: Thomas Lynch v. Liberty Debt Solution, LLC et al.

Roche Email, Doc. 31-2.)  Plaintiff further submits records indicating that the United States Postal Service lists Roche at the same California address.  (USPS Address Form, Doc. 30-1.)

In short, Roche does not provide the kind of evidence typical of one claiming long-term residence in a state.  First, while Roche could have provided the Court with his purported Nevada address under seal, instead he filed a driver's license with his "current" Nevada address redacted.  Nor does he provide a current address or his Nevada residential history in his declaration, which, again, he could have filed under seal.  He provides no utility bills in his name, no Nevada property records, voting history, financial accounts, memberships, or other indicia of residence.  Moreover, Roche's declaration is surprisingly silent regarding the Laguna Hills address Plaintiff identified, and does nothing to meaningfully rebut Plaintiff's testimony that Roche lives there with his wife and son.  Because the Court gives "little weight" to Roche's statement of his subjective intent to remain in Nevada, it is left with nothing more than a redacted driver's license as objective evidence of Roche's claim to Nevada citizenship.  When weighed in the balance, Defendants' evidence is clearly insufficient.

## IV.    <u>CONCLUSION</u>

Here, Defendants assert federal jurisdiction and they have the burden of proving Roche's Nevada citizenship (and thereby proving complete diversity among the parties). The Court concludes that Defendants fall short of meeting this burden.  Accordingly, the Court GRANTS Plaintiff's Motion.  The case is REMANDED to Orange County Superior Court, No. 30-02018-01016550-CU-OE-CJC.

Initials of Preparer:  tg